IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY HILL, Guardian of C. M. HILL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LELAND DUDEK, Acting Commissioner of the Social Security Administration,[1] | ) ) ) ) |
| Defendant. | ) ) ) |

Case No. CIV-24-199-GLJ

## OPINION AND ORDER

Claimant, Amy Hill, Guardian of C. M. Hill, was the prevailing party in this action under the Social Security Act. Claimant originally sought an award of attorney's fees in the amount of $5,798.10 for 23.1 hours of attorney work and expenses in the amount of $405 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Docket No. 21, Ex. 1]. The Commissioner's Response indicates the parties have now agreed to an award of fees in the amount of $5,648.10 [Docket No. 22], a reduction of $150. The Response does not verbalize a stance as it pertains to Claimant's request for $405 in costs.

Upon review of the record herein, the Court finds that the agreed amount is reasonable, and that the Commissioner should be ordered to pay it to Claimant as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically

---

[1] On February 16, 2025, Leland Dudeck became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Leland Dudek is substituted for Michelle E. King as the Defendant in this action.

provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 21] is hereby GRANTED IN PART, to the extent that the Government is hereby ordered to pay the agreed-upon $5,648.10 fee award and the $405 in costs, to Claimant as the prevailing party herein. IT IS FURTHER ORDERED that if Claimant's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Claimant pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 4th day of March, 2025.

GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE